UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

FAITH GREEN YOUNG, as Administratrix
of the Estate of her husband JAMES YOUNG,

               Plaintiff,

      -against-

CITY OF NEW YORK; New York City Police
Officer JAY RIVERA; and New York City Police
Officers JOHN and JANE DOES #1-10.

               Defendants.
-------------------------------------------------------------------x

12 Civ. 4190 (WFK)(RER)

**FIRST AMENDED COMPLAINT/DEMAND FOR JURY TRIAL**

     Plaintiff Faith Green Young (hereinafter "Ms. Young" or "plaintiff"), as

Administratrix of the Estate of her husband James Young (hereinafter "Mr. Young"), by her

attorneys Emery Celli Brinckerhoff & Abady LLP and Siegel Teitelbaum & Evans, LLP, for her

First Amended Complaint alleges as follows:

**PRELIMINARY STATEMENT**

1.    This is a civil rights action against New York City Police Department

("NYPD") officers for the death of an unarmed man.  On June 3, 2011, Mr. Young, a 49-year-old

father of three, was viciously and unjustifiably choked to the point of unconsciousness by a

NYPD officer while sitting on a public bench in Brooklyn.  As a result of this brutal choking,

Mr. Young fell into a coma and died four months later, without ever regaining consciousness.

This Complaint, arising from this tragic, outrageous and unlawful act, seeks compensatory and

punitive damages, costs, disbursements and attorneys' fees pursuant to applicable state and federal civil rights law.

## PARTIES

2.      James Young was killed by NYPD officers in Brooklyn, New York. All of the events giving rise to the Complaint, including the death of Mr. Young, occurred in Brooklyn, New York. At the time of his death, Mr. Young was a citizen of the United States and resided in Brooklyn, New York.

3.      Faith Green Young is Mr. Young's wife and the administratrix of his estate. Ms. Young is a citizen of the United States and resides in Brooklyn, New York.

4.      Defendant City of New York ("City") is a municipal corporation organized and existing under the laws of the State of New York. At all times relevant hereto, defendant City, acting through the NYPD, was responsible for the policy, practice, supervision, implementation and conduct of all NYPD matters and was responsible for the appointment, training, supervision and conduct of all NYPD personnel, including the defendants referenced herein. In addition, at all relevant times, defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obey the laws of the United States and the State of New York.

5.      At all times relevant hereto, NYPD Detective Jay Rivera was a police officer in the NYPD, acting in the capacity of agent, servant and employee of defendant City, and within the scope of his employment as such.

6.      At all times relevant hereto, defendants John/Jane Does #1-10 (the "Doe Defendants"), whose actual names plaintiff has been unable to ascertain notwithstanding reasonable efforts to do so, but who are sued herein by the fictitious designation "John Doe" and

2

"Jane Doe," were police officers in the NYPD, acting in the capacity of agents, servants and employees of defendant City, and within the scope of their employment as such.

7.      Defendant Rivera and the Doe Defendants are referred to collectively herein as the "Individual Defendants."

## JURISDICTION AND VENUE

8.      This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1988, and state common law.

9.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a), and the doctrine of pendent jurisdiction.

10.      The acts complained of occurred in the Eastern District of New York and venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b).

## JURY DEMAND

11.      Plaintiff demands trial by jury in this action.

## FACTUAL ALLEGATIONS

12.      Mr. Young was a husband and father of three children.

13.      On June 3, 2011, Mr. Young was sitting with a friend on a public bench near the corner of Utica Avenue and Eastern Parkway in Brooklyn.

14.      Mr. Young was unarmed.

15.      Defendant Rivera and defendant Doe #1 approached the bench where Mr. Young and his friend were sitting.

16.      When the defendant officers reached the bench, defendant Rivera grabbed Mr. Young by the neck with both hands and squeezed aggressively and brutally.

17.    Defendant Rivera squeezed Mr. Young's neck for an extended period of time.

18.    Defendant Rivera's actions caused Mr. Young severe pain and suffering.

19.    While defendant Rivera was choking Mr. Young, Mr. Young began foaming at the mouth.

20.    Defendant Doe #1 failed to intervene or in anyway stop defendant Rivera from choking Mr. Young.

21.    As a result of defendant Rivera's violent choking, Mr. Young lost consciousness and collapsed onto the bench on which he had been sitting.

22.    While Mr. Young was lying unconscious and dying on the bench, defendant Rivera and/or defendant Doe #1 grabbed Mr. Young's limp arm and handcuffed him to the public bench.

23.    The actions of defendant Rivera and defendant Doe #1 were reckless, without basis or justification, and deliberately indifferent to Mr. Young's health and life.

24.    As Mr. Young lay unconscious, dying and handcuffed to the public bench, with foam still emanating from his mouth, other NYPD officers, defendants Does #2-10, arrived on the scene.

25.    Defendant Rivera and the Doe Defendants all observed Mr. Young lying unconscious on the bench and dying and failed to provide any medical assistance to Mr. Young or to call an ambulance for Mr. Young.

26.    Mr. Young lay on the bench unconscious, with his eyes rolled back in his head and with foam around his mouth for an extended period of time.

27.     Finally, a NYPD officer on the scene called an ambulance to assist Mr. Young.

28.     The ambulance brought Mr. Young to Kingsbrook Jewish Medical Center ("Kingsbrook").

29.     Upon information and belief, after arriving at Kingsbrook, Mr. Young fell into a coma as a result of the vicious choking to which he had been subjected.

30.     Mr. Young never awoke from his coma.

31.     Mr. Young died on October 9, 2011.

32.     Mr. Young's Death Certificate states that the cause of his death was: "Anoxic Ischemic Encephalopathy Complicating Cardiac/Respiratory Arrest During Restraint By Police Officer."

33.     The Individual Defendants' actions constituted outrageous conduct, were reckless, and demonstrated a callous indifference to and willful disregard of plaintiff's federal and state protected rights.

34.     Mr. Young experienced severe conscious pain and suffering while he was being choked and prior to failing into a coma and ultimately passing away.

35.     As a direct and proximate result of defendants' actions, Mr. Young suffered severe physical injury, pain and suffering, and loss of enjoyment of his life.

36.     The acts of the Individual Defendants were reckless, willful, wanton, and malicious, thus entitling plaintiff to an award of punitive damages.

37.     Letters of Administration in the Estate of James Young were issued to Ms. Young by the Surrogate's Court of the County of Kings on or about September 14, 2012.

38.     Within ninety days after the claims alleged in this Complaint arose, a written notice of claim, sworn to by the claimant, was served upon the defendants by personal delivery of the notice, in duplicate, to the Comptroller's Office at 1 Centre Street, New York, New York.

39.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

40.     This action has been commenced within one year and ninety days after the happening of the event upon which the claims are based.

## AS AND FOR A FIRST CLAIM FOR RELIEF
42 U.S.C. § 1983
(Against All Individual Defendants)

41.     Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

42.     By reason of the foregoing, and by assaulting, choking, and using gratuitous, excessive, and unconscionable force against Mr. Young, resulting in his death, and by failing to prevent their fellow officers from doing the same, and by failing to provide or seek medical attention for Mr. Young as he lay dying on a public bench, the Individual Defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.  The Individual Defendants' conduct manifested deliberate indifference to plaintiff's constitutional rights.

43.     In addition, the Individual Defendants conspired among themselves to deprive Mr. Young of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth

and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

44.     The Individual Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as NYPD officers.  Said acts by the Individual Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers.  The Individual Defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

45.     As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### Assault
(Against All Defendants)

46.     Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

47.     By reason of the foregoing, and by approaching Mr. Young and viciously reaching for his neck, defendant Rivera, acting in his capacity as a NYPD officer, and within the scope of his employment as such, intentionally placed Mr. Young in apprehension of imminent, offensive contact, and displayed the ability to effectuate such contact, and thereby committed a willful, unlawful, unwarranted and intentional assault upon Mr. Young.

48.     By being present, failing to intervene, and aiding and abetting defendant Rivera in assaulting Mr. Young, the Doe Defendants substantially assisted defendant Rivera in the assault of Mr. Young, and were aware of their role as part of this tortious activity.

49.    The assault by the Individual Defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers, and constituted an unreasonable and excessive use of force.

50.    Defendant City, as employer of the Individual Defendants, is responsible for the Individual Defendants' wrongdoing under the doctrine of *respondeat superior*.

51.    As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

### AS AND FOR A THIRD CLAIM FOR RELIEF
Battery
(Against All Defendants)

52.    Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

53.    By reason of the foregoing, and by intentionally choking and killing Mr. Young, defendant Rivera, acting in his capacity as a NYPD officer, and within the scope of his employment as such, committed a willful, unlawful, unwarranted and intentional battery upon Mr. Young.

54.    By being present, failing to intervene, and aiding and abetting defendant Rivera in battering Mr. Young, the Doe Defendants substantially assisted defendant Rivera in the battery of Mr. Young, and were aware of their role as part of this tortious activity.

55.    The battery by the Individual Defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers, and constituted an unreasonable and excessive use of force.

56.    Defendant City, as employer of the Individual Defendants, is responsible for the Individual Defendants' wrongdoing under the doctrine of *respondeat superior*.

57.     As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
Negligent Hiring/Training/Discipline/Retention of Employment Services
(Against Defendant City)

58.     Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

59.     Defendant City, through the NYPD, owed a duty of care to Mr. Young to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that injury to Mr. Young or to those in a like situation would probably result from the foregoing conduct.

60.     Upon information and belief, all of the Individual Defendants were unfit and incompetent for their positions.

61.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the Individual Defendants were potentially dangerous.

62.     Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these Individual Defendants proximately caused Mr. Young's injuries and death.

63.     As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## AS AND FOR A FIFTH CLAIM FOR RELIEF
Negligent Failure to Provide Medical Treatment
(Against All Defendants)

64.     Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

9

65.    The Individual Defendants owed a duty of care to Mr. Young to provide him medical treatment after he had been choked to the point of unconsciousness and was lying on a public bench foaming at the mouth while in their custody and control, because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that injury to Mr. Young or to those in a like situation would probably result from the failure to provide immediate medical treatment.

66.    The Individual Defendants allowed Mr. Young to lie on a public bench, unconscious and foaming at the mouth, for an extended period of time without providing him any medical treatment and without calling an ambulance to come to his aid.

67.    The Individual Defendants knew or should have known that their failure to provide medical treatment to Mr. Young or to call an ambulance for him for an extended period of time could and did exacerbate and worsen Mr. Young's condition, causing him severe injury and ultimately causing his death.

68.    Upon information and belief, the Individual Defendants' failure to provide medical treatment to Mr. Young or to call an ambulance for him for an extended period of time proximately caused Mr. Young's injuries and death.

69.    Defendant City, as employer of the Individual Defendants, is responsible for the Individual Defendants' wrongdoing under the doctrine of *respondeat superior*.

70.    As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## AS AND FOR A SIXTH CLAIM FOR RELIEF
Wrongful Death
(Against All Defendants)

71.    Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

10

72.     By reason of the foregoing, the statutory distributees of Mr. Young's estate sustained pecuniary and non-economic loss resulting from the loss of love, comfort, society, attention, services and support of Mr. Young.  Defendants are liable to plaintiff for the wrongful death of Mr. Young.

73.     As a consequence, plaintiff has suffered damages in an amount to be determined at trial.

WHEREFORE, plaintiff respectfully requests judgment against defendants as follows:

(A)    an order awarding compensatory damages in an amount to be determined at trial;

(B)    an order awarding punitive damages in an amount to be determined at trial;

(C)    reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

(D)    directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: November 29, 2012
       New York, New York

EMERY CELLI BRINCKERHOFF
& ABADY LLP
75 Rockefeller Plaza, 20th Floor
New York, N.Y. 10019
(212) 763-5000 (t)
(212) 763-5001 (f)

By: _____
       Earl S. Ward
       Ilann M. Maazel
       Samuel Shapiro

SIEGEL TEITELBAUM & EVANS, LLP
260 Madison Avenue, 22nd Floor
New York, NY 10024
(212) 455-0300 (t)
(212) 448-0066 (f)

By: _____
       Norman Siegel

*Attorneys for Plaintiff*